UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHNSON & FREEDMAN, L.L.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION FILE ) ) NUMBER 3:14cv026-MPM-SAA |
| MS DEFAULT RESOLUTION, L.L.C., | ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW JOHNSON & FREEDMAN, L.L.C. ("J&F"), the Plaintiff in the above-referenced civil action, and hereby files its Complaint for Damages and respectfully shows this honorable Court the following:

### JURISDICTION, VENUE AND SERVICE

1.

MS DEFAULT RESOLUTION, L.L.C. ("MS Default"), the Defendant in the above-styled civil action, is a citizen and resident of the State of Mississippi, and is a limited liability company organized and doing business in the State of Mississippi. MS Default may be served with process by serving its Registered Agent, Corporation Service Company, 506 South President Street, Jackson, MS 39201.

2.

J&F is a citizen and resident of the State of Georgia and is a limited liability corporation incorporated and doing business in the State of Georgia. The amount in controversy in this civil action exceeds $75,000 in accordance with the requirements of 28

U.S.C. § 1332.

3.

Jurisdiction is appropriate and venue is proper in this Court.

4.

Defendant is subject to the jurisdiction of this Court.

FACTS

5.

J&F contracted with Prommis Solutions, L.L.C. and its related companies (hereinafter collectively referred to as "Prommis") to perform various services including among other things title searches and crying foreclosure sales. MS Default was a title vendor in Mississippi for Prommis who also cried foreclosure sales for Prommis in Mississippi.

6.

Such services were provided on an "as needed" basis as each individual service was ordered by Prommis and MS Default billed Prommis monthly for such services, which included from time to time services relating to properties on which JP Morgan Chase Bank and its related companies (hereinafter collectively referred to as "Chase") had an interest.

7.

Up until January of 2013, Prommis paid MS Default's invoices, but beginning in January of 2013, Prommis failed to pay MS Default the amounts due when billed for their services.

8.

On March 18, 2013, Prommis filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware and its case was known as Case No. 13-10551.

9.

On May 20, 2013, MS Default filed a motion in Prommis' bankruptcy proceeding claiming that although Prommis has sent them work for years (including but not limited to work relating to title and foreclosures) and paid for that work regularly, that in January 2013 Prommis stopped paying them for their invoices.

10.

In the motion filed by MS Default, MS Default claimed that Prommis owed MS Default $145,718.65 for prepetition work, $77,745.00 for post-petition work and $35,010.00 for collection costs including reasonable attorneys' fees. The total amount claimed by MS Default, therefore, was $258,473.65.

11.

Initially, MS Default wrongfully and illegally retained funds in the total amount of $1,131,645.20 relating to foreclosure sales conducted by it on behalf of Chase on 19 separate properties because of its alleged unpaid claims as referenced above.

12.

J & F was successful in obtaining from MS Default the amount of $705,247.50, leaving the current amount being wrongfully and illegally withheld by MS Default of $426,397.70. However, MS Default required J&F to turn over foreclosure deeds relating to

all 19 properties before it would pay over the majority of these funds to J&F, even though there was still an amount being wrongfully and illegally retained by MS Default that was significantly more than what MS Default was even claiming.

13.

As a result, MS Default has further wrongfully and illegally retained $167,924.05 ($426,397.70 - $258,473.65) more than what it is even claiming, including its unsubstantiated claim for attorneys' fees.

14.

At this time, Chase has been paid an amount equal to the foreclosure proceeds for 17 of the 19 properties referenced above. The two properties remaining outstanding and unpaid are identified as follows:

(i) Property located at 7606 Falcon Circle, Ocean Springs, MS previously owned by John P. Eng, Sr. and sold at a properly noticed foreclosure sale on March 6, 2013, for the amount of $51,996.00.

(ii) Property located at 14746 Longwood Circle, Biloxi, MS previously owned by Michael L. Foss and sold at a properly noticed foreclosure sale on April 18, 2013, for the amount of $282,217.00.

15.

As a result, MS Default currently retains $334,213.00 in sales proceeds belonging to J&F's client and Chase has made a demand against J&F to pay that amount to Chase. J&F has

continually and repeatedly demanded that MS Default remit those funds as well.

16.

Additionally and as a direct result of the actions of MS Default, Chase has refused to send any additional work to J&F in Mississippi resulting in severe and substantial hardship and loss of business by J&F.

## COUNT ONE

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

17.

All statements and allegations contained in Paragraph 1 through 16 of this Complaint are hereby incorporated into this Count by reference.

18.

Defendant owed a duty of care to Plaintiff, including but not limited to dealing fairly with Plaintiff.

19.

Chase is and has been a long-standing client of J&F and one of its largest clients over the years and because Defendant has breached this duty of care in numerous ways as outlined above, Plaintiff's relationship with Chase has been severely damaged.

20.

Defendant's breach of this duty of care was the proximate cause and the cause in fact of damages to Plaintiff, for which Plaintiff was damaged.

21.

Plaintiff has been damaged in an amount to be proven at trial from Defendant's negligence.

COUNT TWO

INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP

22.

All statements and allegations contained in Paragraph 1 through 21 of this Complaint are hereby incorporated into this Count by reference.

23.

Defendant intentionally failed and refused to remit money it was holding and intentionally withheld money for over and above any claims for setoff to such money.

24.

Defendant's actions were the proximate cause and the cause in fact of damages to Plaintiff, for which Plaintiff was damaged.

25.

Plaintiff has been damaged in an amount to be proven at trial from Defendant's intentional acts.

COUNT THREE

## ACCOUNTING

26.

All statements and allegations contained in Paragraph 1 through 25 of this Complaint are hereby incorporated into this Count by reference.

27.

Plaintiff is entitled to an accounting of all funds at issue being claimed and held by Defendant.

## COUNT FOUR

### CONVERSION AND BAD FAITH

28.

All statements and allegations contained in Paragraph 1 through 27 of this Complaint are hereby incorporated into this Count by reference.

29.

Defendant has illegally and intentionally converted the funds referenced above for its own use and enjoyment and Defendant has acted in bad faith.

30.

Plaintiff is entitled to a judgment against Defendant for such funds and for the bad faith of MS Default.

## COUNT FIVE

### UNJUST ENRICHMENT

31.

All statements and allegations contained in Paragraph 1 through 30 of this Complaint are hereby incorporated into this Count by reference.

32.

MS Default has wrongfully and illegally retained funds and has been unjustly enriched.

33.

Plaintiff is entitled to a judgment against Defendant for such funds.

## COUNT SIX

### PUNITIVE DAMAGES

34.

All statements and allegations contained in Paragraph 1 through 33 of this Complaint are hereby incorporated into this Count by reference.

35.

The Defendant's actions showed willful misconduct, malice, wantonness, oppression, or entire want of care, which would raise the presumption of conscious indifference to consequences and Plaintiff is entitled to punitive damages as a result.

36.

The Defendant's actions showed a specific intent to cause

harm to Plaintiff and therefore Plaintiff is entitled to recover unlimited punitive damages against the Defendant in an amount assessed by the enlightened conscience of an impartial jury.

## COUNT SEVEN
## ATTORNEYS' FEES

37.

All statements and allegations contained in Paragraph 1 through 36 of this Complaint are hereby incorporated into this Count by reference.

38.

The Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, Plaintiff is entitled to recover its expenses in this litigation, including attorney's fees and the costs for having to prosecute this action.

WHEREFORE, Plaintiff prays for the following relief:

(1) That summons and process issue, and that Defendant be required to appear and answer before this Court;

(2) That judgment be entered against the Defendant and in favor of Plaintiff for the Defendant's negligent and tortious interference with Plaintiff's business relationship;

(3) That judgment be entered against the Defendant and in favor of Plaintiff for the Defendant's intentional interference with Plaintiff's business relationship;

(4) That Plaintiff be entitled to an accounting;

(5) That judgment be entered against the Defendant and in favor of Plaintiff for the amount of funds wrongfully and illegally converted;

(6) That judgment be entered against the Defendant and in favor of Plaintiff for the amount of funds for which Defendant has been unjustly enriched;

(7) That judgment be entered against the Defendant and in favor of Plaintiff for unlimited punitive damages in an amount to be proven at trial;

(8) That judgment be entered against the Defendant and in favor of Plaintiff for attorney's fees in an amount to be proven at trial;

(9) That a trial by jury; and

(10) That Plaintiff has such other and further relief as is just, proper and equitable.

Respectfully submitted this 11TH day of February, 2014.

_____
Johnson & Freeman, L.L.C., Plaintiff
Larry Wayne Johnson, Managing Partner

RCO LEGAL, P.S.

By: _____
Jessica L. Perri
MS Bar No. 104084
Attorneys for Plaintiff

RCO Legal, P.S.
1587 N.E. Expressway
Atlanta, Georgia 30329
Telephone:(770) 234-9181
Facsimile: (404) 329-8039
Email: jperri@rcolegal.com
Ian McCutchen, MSB#99097
LWJ\ComplMSDefault\A7460729

STATE OF GEORGIA
COUNTY OF DEKALB

Personally appeared before me, the undersigned authority in and for said county and LARRY W. JOHNSON, who being by me first duly sworn, states on oath that the matters and facts set forth in the above and foregoing Complaint for Damages are true and correct as therein stated.

_____
LARRY W. JOHNSON

SWORN TO AND SUBSCRIBED BEFORE ME this the 11th day of February, 2014.

_____
NOTARY PUBLIC

My commission expires:
July 5, 2016

-11-