UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JOHNSON & FREEDMAN, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MS DEFAULT RESOLUTION, L.L.C.,) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br><br> NUMBER 3:14cv026-MPM-SAA |

## MOTION FOR PRELIMINARY INJUCTION TO DEPOSIT FUNDS

COMES NOW JOHNSON & FREEDMAN, L.L.C. ("J&F"), the Plaintiff in the above-referenced civil action, and hereby files its Motion to for Preliminary Injunction requiring Defendant to Deposit Funds into the Court Registry, and in support thereof respectfully shows this honorable Court the following:

## FACTS

1. Johnson and Freedman, L.L.C., filed a complaint for damages against Defendant, MS Default Resolution, L.L.C.. ("MS Default") on or about February 12, 2014.

2. Defendant, MS Default, was served with a summons and complaint on or about February 27, 2014, and filed an answer herein on Thursday April 10, 2014. An Amended answer and Counter-Claim were filed by MS Default on May 1, 2014.

1

3. J&F contracted with Prommis Solutions, L.L.C. and its related companies (hereinafter collectively referred to as "Prommis") to perform various services including among other things title searches and crying foreclosure sales. MS Default was a title vendor in Mississippi for Prommis who also cried foreclosure sales for Prommis in Mississippi.

4. As stated in the Complaint, MS Default currently holds funds at issue in this cause in the amount of $426,397.70.

5. MS Default claims that they are entitled to $258,473.65 due to unpaid fees earned by working for Prommis. As a result, MS Default has wrongfully and illegally retained $167,924.05 ($426,397.70 - $258,473.65) more than what it is even claiming.[1]

6. On or about June 9, 2014, Hon. Judge S. Allan Alexander entered an order directing the Defendant, MS Default Resolution, to file a Motion articulating specific issues as to standing, as addressed at the Case Management Conference on June 6, 2014.

7. On or about June 19, Defendant filed a Motion requesting additional time to comply with the Court's order as entered on June 9, 2014. Counsel for Defendant States "Counsel's heavy caseload, scheduling conflicts, and the fact that the Defendant is out of business, with many of its files in storage,

---

[1] MS Default claims $145,718.65 in prepetition funds and claims a total amount of $258,473.65 including all alleged funds and requests for attorney fees, *see* paragraphs 23-24 of this Motion for further breakdown of claims.

2

have all combined to hamper (a) attorney/client communications to obtain needed information and (b) counsel's investigation and research of the underlying facts and applicable law."

8. In an email to Counsel for Plaintiff requesting consent for the above referenced extension, on June 17, 2014, Counsel for Defendant stated that "My client has gone out of business hampering the exchange of info and docs."

9. In light of receiving Notice that the Defendant is currently out of business, Plaintiff contends that in order to protect the interest of all parties and prevent dissipation of the assets, and in light of the Defendant's current non-compliant state, that the Court order all monies currently at issue in this cause be paid into the registry of the Court during the pendency of this action.

## ARGUMENT AND CITATION OF AUTHORITY

10. The Mississippi Rules of Civil Procedure, Rule 65 gives authority for Injunctions in civil cases. Fed. R. Civ. Pro. 65 allows for application of a party for an injunction to protect the moving party from irreparable injury or harm which would be caused by the failure to order the injunction.

11. To prevail on their motion for preliminary injunction, plaintiffs must establish that (1) there is a substantial likelihood that they will prevail on the merits, (2)

3

there is a substantial threat that they will suffer irreparable injury if the preliminary injunction is denied, (3) the threatened injury to the plaintiffs outweighs the threatened injury to the party to be enjoined, and (4) granting the preliminary injunction will not disserve the public interest. *City of Ridgeland v. National Park Service,* 253 F.Supp.2d 888, 894 (S.D.Miss. 2002)(citing *Sierra Club v. FDIC*, 992 F.2d 545, 551 (5th Cir.1993).

12. The District Courts in Mississippi have granted preliminary injunctions in cases where there was a potential for a party to dissipate or spend funds which were at issue during the pendency of an action. *See City of Kenner, LA. vs. Durham Auctions, Inc.*, 2008 WL 4279594 (S.D. Miss. 2008).[2]

13. With regard to the interference with business relationship claims (Counts One and Two), J&F will be able to unequivocally demonstrate that their business relationship with Chase was damaged by the unreasonable withholding of foreclosure sale funds by MS Default.

14. The Complaint at paragraph 11 alleges that MS Default wrongfully and illegally retained funds in the total amount of $1,131,645.20 relating to foreclosure sales conducted by it on behalf of Chase on 19 separate properties because of its alleged unpaid claims from Prommis. The Defendants answer

---

[2] In *City of Kenner, LA. vs. Durham Auctions, Inc.*, the District Court for the Southern District of Mississippi entered a preliminary injunction, where all prongs were met, preventing Defendant, Durham Auctions, Inc., from spending, using, transferring, assigning or delivering any of the proceeds from the auction and of which the funds were at issue in the case.

4

to paragraph 11 admits that it was retaining foreclosure sale proceeds until such time as the required transfer deed could be delivered to the purchaser. MS Default admits that all the outstanding deeds were turned over to MS Default, but MS Default did not turn over to J&F all the foreclosure proceeds. MS Default is still withholding over $400,000 in foreclosure proceeds that should been turned over to J&F as all deeds have been delivered.

15. MS Default claims that its reason for withholding over $400,000 was that it was owed certain amounts by Prommis. Nowhere, in any of its pleadings does MS Default allege or support that amount exceeded $400,000. As shown in paragraph 10 of the complaint, the amount claimed to be owed by MS Default as of May 20, 2013 (as shown by the motion filed by MS Default filed in the bankruptcy proceedings of Prommis) was $145,718.65 for prepetition work, $77,745.00 for post-petition work and $35,010.00 for collection costs, or a total of $258,473.65. In their answer, MS Default, at para 10 admits that the allegations of paragraph 10 of the Complaint are for the most part accurate. Thus, MS Default admits that they have withheld funds from J&F from the outset in excess of any amount that they could have had any colorable claim to. Thus, it is virtually a given that J&F can and will prevail on the conversion and unjust enrichment claims. (Counts Four and Five).

16. Thus, J&F is able to demonstrate that it meets the first prong of substantial likelihood that they will prevail on the merits

17. Further, Plaintiff would show that the Defendant in this cause has outwardly stated that their company is no longer in business, and that Counsel for Defendant has represented to the court that "My client has gone out of business hampering the exchange of info and docs."

18. Plaintiff contends that irreparable injury or harm would occur or is likely to occur by the Defendants potential dissipation of the money that is in issue in this cause, and that the Defendant should be immediately required to pay into the court's registry the full amount which MS Default is currently wrongfully and illegally holding, $426,397.70, pending the resolution of this matter to protect the interest of the rightful owner of these funds.

19. Balancing the strong potential for dissipation of assets against the interests of MS Default also weighs strongly in favor of J&F. These are not funds that should have been spent by MS Default as they have not demonstrated any right to the funds. This is especially true for any amounts in excess of $145,718.65. That is the amount that MS Default claims represent payment for prepetition work for Prommis. Even a successful motion for set off in the Prommis bankruptcy proceedings (including the entry of an order in favor of MS Default) would only have resulted in a right to set-off for the prepetition

amount alleged to be due and owing. Therefore, the entire amount of the funds retained by MS Default ($426,397.70) should be paid into the court registry, or alternatively and conservatively, the amount in excess of the prepetition amount claimed by MS Default ($426,397.70-$145,718.65) which equals $280,679.05.

20. Due to the significant amount of money that is in issue in this cause, and the controversy over the ownership of the money, the threat that Defendants will dissipate the assets is much greater that the harm that would be caused to Defendants by an injunction requiring the money at issue to be paid into the Court's registry during the pendency of the action.

21. In Defendant MS Default's *Motion of MS Default Resolution, LLC, pursuant to section 362(D)(1) and 553(A) of the Bankruptcy Code for Limited Relief from the Automatic Stay to set off Prepetition Obligations,* DE #23 "B", MS Default requests relief from the automatic stay to set off prepetition obligations in the amount of $145,718.65. During the hearing on the above referenced Motion, the bankruptcy judge ordered that the plaintiffs may be entitled to setoff in the amount due for prepetition work, however, the amount was not determined at that time.

22. As such, in the alternative, Plaintiff contends that should this Court determine that the Defendant should not pay the entire $426,397.70 into the

court's registry, the Court should require MS Default to pay the difference in the actual funds retained by MS Default and the amount claimed by MS Default for prepetition obligations in their Motion for Setoff ($426,397.70 - $145,718.65) which amounts to $280,679.05. That amount of $280,679.05, should be paid directly into the registry of the court throughout the pendency of this matter until this case can be decided on the merits.

23. As a final alternative, should this Court find that the full amount of retained money, nor the amount over and above the amounts claimed by MS Default for pre-petition obligations should not be deposited into the Court's registry, Defendant MS Default should be required to pay into the registry of this Court the funds which are over and above their full claim. This amount would be the full amount of retained funds, $426,397.70, minus MS Default's claims for pre-petition work along with all attorney's fees and other costs in the amount of $258,473.65, which results in MS Default deposing the remaining $167,924.05 into the registry of the court throughout the pendency of this matter until this case can be decided on the merits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, J&F requests that the funds at issue, either the full amount of $426,397.70, or in the alternative, the Court should require MS Default to deposit the difference in the total amount owed and the amount claimed for prepetition obligations in their Motion for Setoff

($426,397.70 - $145,718.65) which amounts to $280,679.05 in the registry of the Court, or in the alternative, MS Default should be required to deposit the difference in the full amount retained and the total amount claimed by MS Default, totalling $167,924.05, into the Court's registry pending further investigation and ruling by this Court.

RESPECTFULLY SUBMITTED, THIS THE 18th DAY OF AUGUST, 2014.

JOHNSON & FREEDMAN, L.L.C.,

BY: /s/ Jessica L. Perri
Jessica L. Perri, MS Bar No. 104084

/s/ Lawrence W. Kelly
Lawrence W. Kelly, GA Bar No. 141495
*Admitted Pro Hac Vice*

RCO Legal, P.S.
1587 N.E. Expressway
Atlanta, Georgia 30329
Telephone:(678) 298-8829
Facsimile: (404) 329-8039
Email: jperri@rcolegal.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I, Jessica L. Perri, do hereby certify that a copy of the foregoing document has been served upon all opposing counsel through the ECF filing system this the 18th Day of August, 2014.

                                                       */s/ Jessica L. Perri*
                                                       Jessica L. Perri